United States District Court
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    MARCUS L. HUDSON,                         No. C 12-0719 WHA (PR)

10            Petitioner,                      **ORDER TO SHOW CAUSE;**
                                               **GRANTING LEAVE TO PROCEED**
11      v.                                     **IN FORMA PAUPERIS**

12   A.A. LAMARQUE,

13            Respondent.                      (Docket No. 5)
     _____/

14

15                          **INTRODUCTION**

16          Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus

17   pursuant to 28 U.S.C. 2254.  He has applied for leave to proceed in forma pauperis.  For the

18   reasons discussed below, respondent is ordered to show cause why the petition should not be

19   granted.

20                           **STATEMENT**

21          In 2003, petitioner was convicted in San Francisco County Superior Court of second-

22   degree robbery.  The trial court sentenced him to a term of 15 years in state prison.  The

23   California Court of Appeal affirmed the judgment on appeal, and the California Supreme Court

24   denied a petition for review.

25                            **ANALYSIS**

26   **A.    STANDARD OF REVIEW**

27          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

28   custody pursuant to the judgment of a State court only on the ground that he is in custody in

1    violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose*

2    *v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading

3    requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ

4    of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

5    court must "specify all the grounds for relief which are available to the petitioner ... and shall

6    set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of

7    the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not

8    sufficient, for the petition is expected to state facts that point to a 'real possibility of

9    constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d

10   688, 689 (1st Cir. 1970)).

11   **B.    LEGAL CLAIMS**

12       As grounds for federal habeas relief, petitioner sets forth two claims.  Both claims argue

13   that his sentence violates his rights to a due process and to a jury because the trial court imposed

14   an upper-term based on factors found true by the trial judge, not a jury.   When liberally

15   construed, petitioner's claims are cognizable.

16                                **CONCLUSION**

17       1.  The clerk shall mail a copy of this order and the petition with all attachments to the

18   respondent and the respondent's attorney, the Attorney General of the State of California.  The

19   clerk shall also serve a copy of this order on the petitioner.

20       2.  Respondent shall file with the court and serve on petitioner, within ninety days of the

21   issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

22   Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on

23   the claims found cognizable herein.  Respondent shall file with the answer and serve on

24   petitioner a copy of all portions of the state trial record that have been transcribed previously

25   and that are relevant to a determination of the issues presented by the petition.

26       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

27   court and serving it on respondent within thirty days of the date the answer is filed.

28       3.  Respondent may file, within ninety days, a motion to dismiss on procedural grounds

**United States District Court**
For the Northern District of California

**United States District Court**

For the Northern District of California

1    in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules

2    Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the

3    court and serve on respondent an opposition or statement of non-opposition within thirty days

4    of the date the motion is filed, and respondent shall file with the court and serve on petitioner a

5    reply within fifteen days of the date any opposition is filed.

6        4.  Petitioner is reminded that all communications with the court must be served on

7    respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must

8    keep the court informed of any change of address and must comply with the court's orders in a

9    timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

10   pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772

11   (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

12       5.  The application for leave to proceed in forma pauperis (docket number 7) is

13   **GRANTED** in light of petitioner's lack of funds.

14       **IT IS SO ORDERED.**

15

16   Dated: April 18, 2012.

          _____
          WILLIAM ALSUP
          UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23   G:\PRO-SE\WHA\HC.12\HUDSON0719.OSC.wpd

24

25

26

27

28