IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS L. HUDSON,<br><br>    Petitioner,<br><br>  v.<br><br>A.A. LAMARQUE,<br><br>    Respondent. | No. C 12-0719 WHA (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(Docket No. 8) |

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging a conviction from 2003 in San Francisco County Superior Court. Respondent was ordered to show cause why the petition should not be granted with respect to the conviction from 2002. Respondent has filed a motion to dismiss the petition on the grounds that the instant petition is the second petition for a writ of habeas corpus challenging the same conviction pursuant to 28 U.S.C. 2254. Petitioner's prior petition, *Hudson v. Lamarque*, No. 03-1876 JF (PR), was denied in 2008; certain claims were denied on their merits, and others were denied as untimely. Judgment was entered against petitioner the same day. Petitioner did not appeal.

A second or successive petition may not be filed in a federal district court unless petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. *See* 28 U.S.C. 2244(b)(3)(A). Petitioner has not obtained such an order from the Ninth Circuit. Petitioner argues that he does not have to do so because the Ninth Circuit has already denied his request to file a second or successive petition.

Case3:12-cv-00719-WHA Document11 Filed07/09/12 Page2 of 2

The denial of his request for authorization to file a second petition in the district court does not relieve petitioner of the obligation to seek such an authorization. Rather, it means that he cannot file a second petition. *See* 28 U.S.C. 2244(b)(2). Accordingly, this petition is **DISMISSED** as an unauthorized second or successive petition. In light of this conclusion, respondent's alternative argument that the petition is untimely, which petitioner does not dispute in any event, need not be reached.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July  9  , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\HUDSON0719.MTDSUC.wpd

2